*MURRAY* vs. *BACON.*

Western Dis.
*October* 1828,

APPEAL from the court of the 6th district—the judge of the parish of Rapides presiding.

PORTER, J. delivered the opinion of the court. The appellee has moved to dismiss the appeal, on an allegation of irregularities in the manner of bringing it up. This motion comes too late. The code of practice excludes all other answers, except those which pray for a confirmation of a judgment, if not put in within three days after the record is filed in this court.

*Under a promise to save the vendee harmless from a mortgage, judgment against the principal debtor will not enable the purchaser to resist payment of the price.*

7ns271
48 800

7ns271
104 649
104 651
7NS 271
117 805
7NS 271
118 517

On the merits the case presents the following facts. The plaintiff sold to the husband of the defendant, in his life time, a house and lot, for the sum of $12,000, payable in three instalments. At the sale of this property by the widow, he bought it in for $7,000. Sued by her for the price, he pleaded in compensation, the last note of $400 due to him with interest, and judgment, was rendered against him for $1961, conditioned, however, that execution should not issue, unless the plaintiff give him security to save him harmless from a mortgage in favor of Ferguson and Rich.

The mortgage in favor of Ferguson and

Western Dis, Rich, was created by a note due on the second
October, 1828.
instalment, for the house sold by the plaintiffs,
MURRAY
vs.
BACON.
which note he had transferred to these persons.  The petition states, the property purchased by him at the sale already mentioned, was not secured to him, as by the terms of the decree, it should have been, but that he had been divested of it by a sale on an execution issuing in virtue of a judgment rendered in favor of Ferguson and Rich.

Admitting that on this eviction, the plaintiff was discharged from the judgment against him, and that a right vested in him, to sue on the note. pleaded in compensation in that suit. We are clearly of opinion that such right could only arise on the facts stated in the petition, namely: eviction of the premises sold to him.   Now the record contains no proof of this fact.   We have, it is true, in evidence, the record of Ferguson and Rich, vs. Bacon, shewing judgment to have been obtained against the defendant, but there is nothing which establishes it was satisfied by the sale of the premises purchased in by the petitioner.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that there be judgment against the plaintiff as in case of non-suit, with costs in both courts.

*Scott* for the plaintiff—*Wilson* for the defendant.